EDWARD N. SCRUGGS, Retired Circuit Judge.
This is an action for a breach of a contract for the personal services of the plaintiff, Mr. Lucas.
The plaintiff sued Mr. Lemmon (defendant) and others, seeking damages for breach of contract, and sought, among other damages, the amount of $9,000 for his unpaid salary. After evidence was presented to the jury for almost two days, they rendered a verdict for the plaintiff and against the defendant for $9,000. The trial court entered a judgment in accordance with the verdict of the jury. The defendant’s motion for a judgment notwithstanding the verdict or, alternatively, for a new trial was overruled and the defendant duly appealed.
The primary issue before the jury and upon the post-trial motion was whether the defendant, as an individual, was the contracting party with the plaintiff or whether the defendant, when employing the plaintiff, was acting as an officer of a corporation. In short, the issue was whether the defendant or a corporation was the employer of the plaintiff. The sufficiency of the evidence upon that issue is presently before us.
We will first establish the applicable law and then apply it to the facts in this case. The test to be applied to a motion J.N.O.Y. is that a jury must be permitted to pass upon the evidence if any evidence, no matter how slight, is offered which, if believed, would support a verdict in favor of the plaintiff. On the other hand, a motion for a new trial which is grounded upon a claim that the verdict was against the great weight of the evidence, as in the *424 present case, should be granted only in those extreme cases where it would be palpably wrong and manifestly unjust to allow the verdict to stand even though the verdict was supported by some evidence. The overruling of a motion for a new trial strengthens the presumption of the correctness of the verdict of the jury. Casey v. Jones, 410 So.2d 5 (Ala.1981).
After a telephone conference between the trial court and counsel, which was had in lieu of a courtroom hearing upon the defendant Lemmon’s post-trial motion, the learned trial court pertinently wrote the following joint letter to the attorneys. The letter is in the record on appeal.
“I find that Mr. Lucas testified on several occasions, both in direct and cross examination, that the agreement on which the suit is based was a May 5, 1982 oral agreement, the parties to the agreement being himself, Mr. Lemmon and Mr. Deadman. He testified that he and Lemmon were operating as individuals at the time of the agreement, not for corporations.
“In Mr. Lemmon’s deposition, he refers to Mr. Deadman as his partner, thus inferring that he and Deadman were operating as individuals or partners rather than in a corporate capacity. In Mr. Lemmon’s live testimony, however, he testified that he never does business as an individual, that all his business is done as a corporation.
“I charged the jury that the plaintiff could not recover against. Lemmon personally if they found Lemmon was acting for a corporation in his dealings with Lucas and that Lucas could recover against Lemmon personally only if Lem-mon was acting personally and as an individual.
“I am inclined to think that there was sufficient evidence in the case raising a jury issue on the question of whether Lemmon was acting individually or for his corporation ...”
We have reviewed the lengthy appellate record, and the evidence fairly upholds the facts upon that issue as were stated by the trial court in that letter. The jury was clearly and concisely charged as was summarized in that letter. There was a factual dispute in the evidence, and the jury resolved the issue in the plaintiff’s favor. The evidence amply supported the verdict of the jury, and we do not view the verdict as having been clearly wrong nor manifestly unjust. The trial court did not err in overruling the defendant’s post-trial motion.
The judgment appealed from is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.